United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Deoin Westberry,<br>Plaintiff,<br><br>v.<br><br>William Altfield, et. al.,<br>Defendants. | )<br>)<br>)<br>) Civil Action No. 23-20607-Scola<br>)<br>) |

### Order Dismissing Case

Before the Court is Plaintiff Deoin Westberry's *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1), and motion to proceed *in forma pauperis* (ECF No. 3). Because the plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to dismiss a case. *See id.* And it includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)). Upon a review of the Complaint, the Court concludes it must be dismissed because it is frivolous, fails to state a claim on which relief may be granted, and seeks monetary relief against defendants who are immune from such relief.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a

demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

The plaintiff filed his complaint under 42 U.S.C. § 1985(3), a civil rights conspiracy statute. "The § 1985(3) defendant must have (1) conspired or gone in disguise on the highway or on the premises of another, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) taken or caused an action to be taken in furtherance of the conspiracy's object, and (4) injured an individual's person or property or deprived her of exercising any right or privilege of a United States citizen." *Dean v. Warren*, 12 F.4th 1248, n.8 (11th Cir. 2021) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)).

Here, the plaintiff alleges that he was not permitted to attend "his own court date." ECF No. 1 at 1. He lists six state-court assistant public defenders and a state judge as defendants, but his claims against them are wholly conclusory. The plaintiff fails to allege specific facts explaining how any of the individual defendants deprived him of a right. He also fails to plead any facts to support the existence of a conspiracy. *See Dean*, 12 F.4th at 1255 (holding that complaint failed to plead a plausible theory that sheriff was motivated by

cheerleader's and her teammates' race). The complaint is thus a shotgun pleading that fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Moreover, "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *see also Monsegue v. Moore*, 2019 WL 469911, at *4 (S.D. Ga. Feb. 6, 2019) (no *Bivens* right of action exists against federal defenders (collecting cases)), *report and recommendation adopted*, 2019 WL 1085188 (S.D. Ga. Mar. 7, 2019). Because the six state-court assistant public defenders are not government actors, they are not subject to suit under § 1983.

Finally, the plaintiff seeks damages in the amount of "$1 million USD," from a party who is immune from such relief. ECF No. 1 at 3. As stated, the plaintiff lists a state judge as a defendant. However, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (cleaned up). The complaint provides no facts to suggest that judicial immunity does not apply.

Accordingly, it is **ordered and adjudged** that this action is **dismissed without prejudice** as a frivolous shotgun pleading that fails to state a claim on which relief may be granted. This dismissal shall count as a strike under 28 U.S.C. § 1915(g). The Clerk is **directed** to close the case and deny all pending motions as moot.

**Done and ordered**, in chambers, in Miami, Florida, on February 16, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Deoin Westberry
220160866

Miami-Dade County-MW
Metro West
Inmate Mail/Parcels
13850 NW 41st Street
Miami, FL 33178
PRO SE