United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Deoin Westberry, Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 23-20607-Civ-Scola |
| William Altfield, et. al., Defendants. ) | |
| ) | |
| ) | |

### Order Striking Filing

On August 9, 2024, Plaintiff Deoin Westberry made a filing—which was docketed on August 16, 2024—in which he stated that he "filed for a truth affidavit and a proper status," and was "requesting a federal docket for [his] records." (**ECF No. 5**.) Because this filing is improper, the Court **strikes** the filing.

On February 16, 2023, the Court dismissed the case without prejudice, concluding that the Plaintiff's 42 U.S.C § 1983 complaint (ECF No. 1) was "a frivolous shotgun pleading that fails to state a claim on which relief may be granted." (Order, ECF No. 4 at 3.)

Though not formally a complaint, the Plaintiff's latest filing "request[s] a federal docket for [his] records." (ECF No. 5.) As this Court explained in its Order dismissing the case, the Court has "the power to control and direct the cases on its docket." (ECF No. 5 at 1.) As such, courts "have the inherent authority to strike improperly-filed papers other than pleadings." *Jean v. Minn. Life. Ins. Co.*, 2020 WL 292663, at *3 (S.D. Fla. May 12, 2020) (Goodman, J.); *see also* Fed. R. Civ. P. 12(f)(1) (explaining that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").

Here, though it is unclear the basis for the Plaintiff's filing, he does seek some sort of relief. *See* ECF No. 5 ("requesting a federal docket for [his] records"). Though courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys," *Arrington v. Green*, 757 F.App'x 796, 797 (11th Cir. 2018) (citation omitted), a *pro se* party still must comply with Federal Rule of Civil procedure 8(a)(2), "which requires that a pleading contain a 'short and plain statement of the claim' showing that the pleader is entitled to relief." (Order at 2). The Plaintiff's filing does not contain such a statement, nor does it contain a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). The Plaintiff's pleading is thus a shotgun pleading that does not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

      The striking of the pleading shall count as a second strike under 28 U.S.C. § 1915(g), which prevents prisoners from filing suits *in forma pauperis* after three actions have been "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The Plaintiff is encouraged to review this Order and the Court's February 16, 2023, Order that explains the requirements for proper pleadings before filing a third pleading.

      Accordingly, it is **ordered and adjudged** that this pleading (**ECF No. 5**) is **stricken** as a frivolous shotgun pleading that fails to state a claim upon which relief may be granted. This strike shall count as a second strike under 28 U.S.C. § 1915(g).

      **Done and ordered**, in chambers at Miami, Florida, on August 30, 2024.

                                         Robert N. Scola, Jr.
                                         United States District Judge